E-FILED
Friday, 22 April, 2022  11:59:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL LYNCH,                    )
   Plaintiff,                       )
                               )
   vs.                              )          Case No. 22-4027
DR. JOHNATHAN EK, et. al.,        )
   Defendants                       )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Dr. Johnathan Ek, Health Care Unit (HCU) Administrator Nellie Boone, Wexford Health Sources, and Grievance Officer Jason Garza violated his constitutional rights at Hill Correctional Center. Plaintiff's complaint focuses on a denial or delay in care for his left shoulder pain.

Plaintiff first arrived at Hill in 2016 with a preexisting left shoulder injury. The facility doctor originally prescribed physical therapy (PT), but another doctor ultimately discontinued the therapy because it was only causing Plaintiff additional pain.

Defendant Dr. Ek arrived at Hill on an unspecified date and Plaintiff reported he was still suffering in pain.  Defendant Dr. Ek again prescribed PT even though Plaintiff claims his medical records clearly indicated physical therapy was not effective.  The Defendant told Plaintiff he would have to do PT again or Wexford would not approve referral to an off-site specialist.

Plaintiff says he attempted PT to the best of his ability, but medical staff did not assist him.  At some point in late 2018 or early 2019, a physical therapist was hired who agreed PT was not beneficial for Plaintiff.  The physical therapist recommended consultation with an orthopedic specialist.

Instead, Defendant Dr. Ek recommended cortisone injections.  Plaintiff reported the injections provided no relief, but the doctor ordered a second round.  Plaintiff says the Defendant also continued Plaintiff on the same regime of medications which did little to address Plaintiff's pain.

In late December of 2019, Defendant Dr. Ek advised Plaintiff to ask the orthopedic specialist who was treating his right hip to also look at Plaintiff's left shoulder injury.  Plaintiff says over the next three visits he asked the orthopedic specialist, but the specialist said Plaintiff he was only referred to him for hip treatment. The specialist could not provide examination and treatment for Plaintiff's shoulder without a medical referral.

Plaintiff continued to complain to Defendant Ek of his intense shoulder pain, but the doctor took no further action.  Plaintiff also filed grievances, but Defendant HCU Administrator Boone simply told Plaintiff to follow Dr. Ek's directions to speak with the

specialist.  Defendant Grievance Officer Boone also denied Plaintiff's grievance noting Plaintiff was meeting with an orthopedic specialist.

Finally, Plaintiff was referred to an orthopedic specialist on an unspecified date specifically for his shoulder.  The specialist determined Plaintiff needed a total shoulder replacement and surgery was performed on May 18, 2021.

Plaintiff has clearly alleged Defendant Dr. Ek violated his Eighth Amendment rights when the doctor was deliberately indifferent to Plaintiff's serious shoulder condition and pain. Plaintiff has alleged the Defendant persisted with ineffective treatment and/or delayed needed care. *See i.e. Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016)( An inmate may demonstrate a medical professional was deliberately indifferent if he presents "evidence that the patient repeatedly complained of enduring pain with no modifications in care."); *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) ("a non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition.").

Plaintiff has also alleged a *Monell* or official capacity claim against Wexford Health Sources based on a policy or practice of requiring prolonged, ineffective treatment prior to approving consultation with an outside specialist. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff has further alleged Defendant HCU Administrator Boone was deliberately indifferent to Plaintiff's medical condition when Plaintiff repeatedly informed the Defendant he was not receiving any treatment from the orthopedic

specialist for his shoulder, but Defendant Boone took no action and unnecessarily delayed care.

Plaintiff also claims Grievance Officer Garza violated his due process rights when he failed to investigate Plaintiff's claim that the outside specialist was not providing care for his shoulder. Unlike Defendant Boone, this Defendant was not directly involved in providing medical care to inmates.  In addition, "prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances." *Pryor v. Atkins*, 2021 WL 2454241, at *2 (S.D.Ill. June 16, 2021).  "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Based on Plaintiff's allegations, Defendant Garza believed Plaintiff was receiving outside care and his failure to investigate the grievance further is not a constitutional violation. Therefore, Plaintiff has not articulated a claim against this Defendant.

Plaintiff next alleges Defendants Dr. Ek and Boone were negligent, committing the state law tort of medical malpractice.  Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information about his condition. *See* 735 Ill. Comp. Stat. § 5/2-622(a); *see also Young v. United States*, 942 F.3d. 349, (7th Cir. Nov. 4, 2019). Plaintiff must comply with these requirements before the summary judgment phase in this case.  *See*

*Young,* 942 F.3d. at 351-352. Failure to do so will lead to the dismiss of his medical malpractice claim. *Id.*

Finally, the Court notes Plaintiff's complaint does not provide specific dates for some of his allegations.  Instead, Plaintiff refers to exhibits which were not attached to his complaint.  Plaintiff must clarify these dates during discovery and he will be able to obtain medical records for assistance.  In addition, while some of Plaintiff's claims appear to be outside the required two-year statute of limitations period, Plaintiff appears to be alleging the exception of a continuing violation. *See i.e.  Heard v. Sheahan,* 253 F.3d 316, 319–20 (7th Cir.2001).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Dr. Ek, HCU Administrator Boone, and Wexford violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious should condition and pain as outlined in this order. Plaintiff has also alleged a state law medical malpractice claim against Defendants Dr. Ek and Boone, but Plaintiff is advised he must meet the requirements of 735 Ill. Comp. Stat. § 5/2-622(a) to proceed.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Jason Garza for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines; and 4) Enter the Court's**

**standard qualified protective order pursuant to the Health Insurance**

**Portability and Accountability Act.**

ENTERED this 22nd day of April, 2022.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE